**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **In re Artemis Healthcare Inc., and Ariana Sciences Data Breach Litigation** | **Case No. 3:26-cv-00003**<br><br>**Chief Judge William L. Campbell, Jr.**<br>**Magistrate Judge Jeffery S. Frensley** |

**DEFENDANTS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF STAY OF CASE MANAGEMENT AND DISCOVERY PENDING RULING ON MOTION TO DISMISS**

Defendants Artemis Healthcare Inc. and Ariana Sciences ("Defendants") respectfully move this Court to stay the upcoming Case Management Conference and all discovery in this action pending the Court's ruling on Defendants' Motion to Dismiss (Doc. 21). In support, Defendants state as follows:

### I.  BACKGROUND

1.      Plaintiffs filed the Complaint on January 2, 2026. (Doc. 1).

2.      Plaintiffs subsequently filed an Amended Complaint on March 16, 2026. (Doc. 16).

3.      On May 15, 2026, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"). (Doc. 23).

4.      The Motion raises threshold issues, including whether Plaintiffs have adequately stated a claim and whether the Court has subject matter jurisdiction.

5.      A Case Management Conference is currently scheduled for June 12, 2026, at 8:30 a.m. Absent a stay, the parties will be required to proceed with discovery while Defendants' Motion to Dismiss remains pending.

## II.  ARGUMENT

### A.  The Court Has Broad Discretion to Stay Proceedings

The Court has broad discretion to stay proceedings as part of its inherent authority to manage its docket. See *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort"). In exercising that discretion, courts must "weigh competing interests and maintain an even balance." *Id*. at 254–55. Courts in this District routinely apply this standard when determining whether a stay is warranted. *See OMT Addiction Ctrs., LLC v. Freedom Healthcare Props. of Tex., LLC,* 770 F. Supp. 3d 1090, 1117 (M.D. Tenn. 2025).

Here, those considerations strongly favor a stay because Defendants' Motion presents threshold, potentially dispositive issues, and proceeding with discovery before its resolution would undermine judicial economy.

### B.  A Stay Is Warranted Pending Resolution of Defendants' Motion to Dismiss

*First*, Defendants' Motion to Dismiss presents potentially dispositive issues, and there is a substantial likelihood that the Motion will be granted in whole or in part. In particular, the Motion challenges Plaintiffs' ability to state a claim under applicable Tennessee law, including the stringent requirements for pleading gross negligence. Plaintiffs' allegations fall short of this standard. If granted, the Motion may eliminate or substantially narrow the claims at issue, rendering discovery unnecessary.

*Second*, proceeding with discovery before resolution of the Motion to Dismiss would impose unnecessary burden and expense on the parties. This case likely involves complex issues

related to data practices and technical systems, making discovery particularly costly and time-intensive.

*Third*, a stay will promote judicial economy by preventing the Court and the parties from expending resources on matters that may ultimately be moot.

### C. Plaintiffs Will Not Be Prejudiced by a Limited Stay

A temporary stay pending resolution of the Motion will not result in undue prejudice to Plaintiffs. The requested stay is limited in duration and tied directly to the Court's ruling on a pending dispositive motion.

By contrast, requiring Defendants to proceed with discovery would create substantial and unnecessary burden that may ultimately prove unnecessary depending on the Court's ruling.

### III. CONCLUSION

For these reasons, Defendants respectfully request that the Court:

1. Stay the Case Management Conference currently scheduled for June 12, 2026;

2. Stay all discovery and related obligations; and

3. Grant such other and further relief as the Court deems appropriate.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.01(a)(2), counsel for Defendants hereby certifies that counsel for Defendants conferred with counsel for Plaintiffs via email on June 1, 2026, regarding the relief requested in this Motion to Stay Case Management and Discovery. Plaintiffs' counsel did not agree to the requested relief. Accordingly, the issues raised in this Motion remain in dispute.

Dated: June 2, 2026            Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**
*/s/ Betsy G. Stibler*
Betsy G. Stibler, BPR No. 035340
4020 Aspen Grove Drive, Suite 500
Franklin, TN 37076
615-772-9000
bstibler@grsm.com

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served

via electronic mail this 2nd day of June 2026, on the following:

James Gerard Stranch, IV
Grayson Wells
Stranch, Jennings, & Garvey, PLLC
223 Rosa L. Parks Ave
Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
gwells@stranchlaw.com

*Attorneys for Plaintiff*

/s/ *Sarah Frese*
Sarah Frese