# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

In re Artemis Healthcare Inc., and Ariana Sciences Data Breach Litigation

Case No. 3:26-cv-00003

Chief Judge William L. Campbell, Jr.
Magistrate Judge Jeffery S. Frensley

---

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PENDING RULING ON MOTION TO DISMISS

---

## I.     INTRODUCTION

Plaintiffs attempt to frame Defendants' Motion to Stay (ECF No. 24) as a routine request to delay discovery based solely on a pending motion to dismiss. It is not, Plaintiffs' assertion to the contrary is misleading and disingenuous. Defendants' Motion to Dismiss raises threshold, potentially dispositive issues, most notably whether this class action will proceed in light of Tennessee's Cybersecurity Statute, Tenn. Code Ann. § 29-34-215, which forecloses class liability absent willful and wanton misconduct or gross negligence. When that issue is resolved in Defendants' favor, it will dispose of Plaintiffs' class claims as a matter of law, avoiding the need for the parties and the Court to expend significant resources.

Particularly in light of the complete absence of any prejudice to Plaintiffs to simply wait for a decision on the motion, the Court should therefore exercise its discretion to stay discovery and case management deadlines pending resolution of Defendants' Motion.

1

## II. LEGAL STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

In this District, the mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or <u>unless it is patent that the case lacks merit and will almost certainly be dismissed</u>, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Arnold v. Parades*, No. 3:23-CV-00545, 2023 WL 12260534, at *2 (M.D. Tenn. Oct. 24, 2023).

## III. ARGUMENT

A stay is warranted where a defense would be "substantially vitiated absent a stay." *Id.* Here, Defendants' Motion raises a threshold statutory bar to class liability, and allowing discovery would impose precisely the class-wide burdens the statute is designed to prevent absent sufficiently pleaded gross negligence or willful misconduct. To be clear, "an unauthorized third party infiltrated [Artemis's] network systems" Compl. ¶¶ 52 (the "Incident"). On its face, therefore, the extremely high burden of establishing willful and wanton misconduct or gross negligence is apparent.

Plaintiffs' reliance on purportedly analogous data-breach cases is misplaced. *In re HCA Healthcare* No. 3:23-cv-684, 2024 WL 3857330 (M.D. Tenn. Aug. 15, 2024) did not apply § 29-34-215 at all, addressing only general pleading and standing principles under *Galaria v. Nationwide Mut. Ins. Co.,* 663 F. App'x 384 (6th Cir. 2016). The remaining cases do not support Plaintiffs' position. In *White v. Mortgage Investors Group, Inc.*, No. 23-0350-III (Tenn. Ch. Ct. Davidson Cnty. June 20, 2025) (Opp'n "Exhibit B"), dismissal was denied based on allegations of systemic failures—including lack of safeguards, inadequate training, and delayed or obscured breach disclosures—facts the court found

2

could support gross negligence, though founded through factual claims as opposed to conclusory and speculative allegations. In *Richardson v. Cumberland Heights Found., Inc.*, No. 24-1258-I (Tenn. Ch. Ct. Davidson Cnty. Mar. 25, 2025), the statute was held inapplicable because the alleged breach predated its May 21, 2024, effective date. And *Cate v. Ober Adventure, LLC*, No. 25-CV-475V (Tenn. Cir. Ct. Sevier Cnty. Apr. 22, 2026) (Opp'n "Exhibit D"), applied only Tennessee's liberal pleading standard, *expressly declining to analyze whether the allegations plausibly establish gross negligence.*

Federal authority confirms this distinction. In *Cooper v. Nationwide Recovery Service, Inc.*, No. 1:25-cv-130, slip op. at 10–11 (E.D. Tenn. Apr. 21, 2026), the court relied on allegations of prolonged undetected intrusion and a nearly year-long delay in notification to infer "conscious indifference" sufficient to plausibly plead gross negligence. Here, by contrast, there is no dispute the alleged event post-dates the statute, and the notice reflects a prompt, investigation-driven response—undermining any plausible inference of gross negligence.

The statute provides that "a private entity is not liable" in a class action absent willful and wanton misconduct or gross negligence. Tenn. Code Ann. § 29-34-215. It "alters the vested rights and liabilities of the parties by heightening the mens rea required for defendants to be liable." *Haney v. Charter Foods N., LLC*, 747 F. Supp. 3d 1093, 1109 (E.D. Tenn. 2024) (holding statute is substantive because it raises liability standards).

Where, as here, Plaintiffs allege only generalized failures to follow "reasonable" cybersecurity practices, without facts plausibly showing reckless disregard or conscious indifference, their claims do not satisfy § 29-34-215. The Complaint relies on generic, conclusory allegations that Defendants failed to implement "reasonable" or "adequate" cybersecurity. See, e.g., allegations of unspecified failures to maintain security practices, monitoring tools, encryption, and "industry standards," often pleaded only "upon information and belief." (Compl. ¶¶ 15–16, 24, 26, 51, 63, 66, 119–120, 127). These are classic hindsight, checklist-style allegations—asserting what Defendants should have done without pleading

3

facts showing conscious disregard of a known, extreme risk. (*Id.* ¶¶ 60, 72, 85, 119, 123). Even the assertion of "gross negligence" is purely conclusory. (*Id.* ¶¶ 19, 88, 342–345). The reason for these pleading deficiencies is obvious – there is no scenario under the facts of this event that could give rise to willful and wanton misconduct or gross negligence, which is precisely why dismissal is warranted.

Additionally, because the alleged cybersecurity event occurred after the statute's May 21, 2024, effective date, Tenn. Code Ann. § 29-34-215 applies and governs Plaintiffs' claims.

Allowing discovery to proceed would undermine the statute's purpose by subjecting Defendants to the very burdens of class-wide litigation that Tenn. Code Ann. § 29-34-215 is designed to preclude absent sufficiently pleaded heightened misconduct. Section 29-34-215 does not merely alter liability at judgment; it restricts when a defendant may be subjected to class-wide litigation in the first instance.

Courts in this District weigh "the burden to Defendants and to the Court of proceeding with discover…" *Harmer v. Cannata*, No. 3:22-CV-00976, 2023 WL 2228985, at *2 (M.D. Tenn. Feb. 24, 2023) (Finding the burden of discovery outweighed any prejudice to plaintiff). All factors favor a stay here. The burden of immediate discovery in a data breach class action—given the scope, complexity, and technical nature of the issues implicated—would be substantial. By contrast, Plaintiffs identify no concrete prejudice from a short, targeted stay pending resolution of the Motion to Dismiss. And because that Motion raises a threshold statutory bar that may dispose of the case at the outset, judicial economy strongly favors resolving it before imposing significant discovery obligations. This is precisely the circumstance in which a stay is warranted.

**_Bradford_ Confirms Stays are Required Where Litigation Burdens Undermine the Defense**

Courts stay discovery where a threshold defense protects against the burdens of litigation itself. *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020); *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004). The Middle District applies this principle where discovery would undermine the defense.

4

*Bradford v. Reed*, 2025 WL 627223, at *2 (M.D. Tenn. Feb. 26, 2025). Like qualified immunity, § 29-34-215 limits when a defendant may be subjected to class-wide litigation and would be substantially undermined if discovery proceeds before that issue is resolved.

**Plaintiffs' Opposition Fails to Address the Threshold Defects in Their Claim**

Plaintiffs invite a "preliminary peek" at the Motion to Dismiss, claiming their claims are "likely to survive." Opp'n at 4. The pleadings demonstrate the opposite. Although Plaintiffs' injury theories depend on the compromise of highly sensitive financial identifiers, their **own notice-based allegations undermine that premise**. For both named Plaintiffs, the Complaint alleges only that their names, dates of birth, and medical information were involved—**not Social Security numbers or financial account data**. (Compl. ¶¶ 267, 285). That is consistent with Plaintiffs' acknowledgment that impacted data "varies depending on the individual," (*Id.* ¶ 13) additional factors highlighting the unlikelihood of class certification even if they could make it past the pleadings and a losing endeavor at every turn. Where, as here, Plaintiffs ground their claims in **individualized notice**, the failure to allege—on a plaintiff-specific basis—that highly sensitive financial data was actually compromised is dispositive. Without such allegations, there is no plausible basis to infer identity theft or fraud traceable to Defendants. These deficiencies confirm the Motion is likely dispositive.

**IV.    Conclusion**

For these reasons, Defendants respectfully request that the Court exercise its discretion to stay discovery and related deadlines pending resolution of the Motion to Dismiss, where threshold statutory issues may dispose of Plaintiffs' class claims.

Dated: June 23, 2026

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**
*/s/ Betsy G. Stibler*
Betsy G. Stibler, BPR No. 035340
4020 Aspen Grove Drive, Suite 500

5

Franklin, TN 37076
615-772-9000
bstibler@grsm.com
*Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic mail this 23rd day of June 2026, on the following:

James Gerard Stranch, IV
Grayson Wells
Stranch, Jennings, & Garvey, PLLC
223 Rosa L. Parks Ave
Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
gwells@stranchlaw.com
*Attorneys for Plaintiff*

/s/ *Nicolina Brown*
Nicolina Brown