# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

In re Artemis Healthcare Inc., and Ariana Sciences Data Breach Litigation

Case No. 3:26-cv-00003

Chief Judge William L. Campbell, Jr.
Magistrate Judge Jeffery S. Frensley

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs' Opposition (the "Opposition") [ECF No. 27 & 28] never answers the central question presented by Defendants' Motion: where are the facts plausibly showing that this cybersecurity event was caused by willful and wanton misconduct or gross negligence? Tennessee law expressly bars class-action liability arising from a cybersecurity event unless Plaintiffs plausibly allege facts satisfying that statutory standard. Tenn. Code Ann. § 29-34-215. Yet after twenty-seven pages of briefing, Plaintiffs still point only to the same generalized allegations contained in their Consolidated Class Action Complaint (ECF No. 16) (the "Complaint").

Plaintiffs' effort to address the statute fares no better. Rather than identify facts plausibly showing the cybersecurity event was caused by willful and wanton misconduct or gross negligence, Plaintiffs principally argue that Tenn. Code Ann. § 29-34-215 does not impose a heightened pleading standard and that gross negligence need only be proven later in the litigation. But the statute provides that a private entity "is not liable" in a class action arising from a cybersecurity event absent willful and wanton misconduct or gross negligence. *Id.* Plaintiffs therefore must plead facts making such misconduct plausible. Conclusory allegations and rote recitations of "gross negligence" are not enough.

1

The remainder of the Opposition suffers from the same defect. Their standing theories depend on speculation rather than facts connecting their alleged injuries to the information allegedly involved in the Incident, and their substantive claims merely repackage the same conclusory allegations under different legal labels. Because Plaintiffs still fail to plausibly allege gross negligence, standing, and fail to adequately plead any claims, the Complaint should be dismissed in its entirety.

## I. PLAINTIFFS' OPPOSITION FAILS TO CURE THE COMPLAINT'S THRESHOLD DEFECTS

### A. PLAINTIFFS FAIL TO ESTABLISH STANDING

When a pleading offers only conclusory statements rather than well-pleaded factual allegations, those assertions "**are not entitled to the assumption of truth**." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) . Plaintiffs correctly note that, at the pleading stage, the Court accepts well-pleaded factual allegations as true. *Parsons v. U.S. Dept. of Just.*, 801 F.3d 701, 710 (6th Cir. 2016). But that principle applies only to factual allegations—not legal conclusions, speculation, or formulaic recitations of elements. *Iqbal*, at 678–79. Thus, while Plaintiffs need only plausibly allege standing at this stage, they must still plead facts establishing a concrete injury fairly traceable to Defendants' conduct. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992) (requiring a causal connection between the alleged injury and the challenged conduct that is not the result of independent third-party action). Plaintiffs never explain how their alleged injuries are connected to the specific categories of information allegedly implicated by this Incident.

Plaintiff Palermo alleges a 180-point drop in her credit score and attempted fraudulent account activity. (Compl. ¶¶ 291–293). Yet the Complaint simultaneously alleges that the notice she received identified only her name, date of birth, medical history, and medical records as affected. (*Id.* ¶ 285). She does not allege that her Social Security number, banking information, payment card data, or other credit-related identifiers were compromised. Accordingly, the Complaint supplies no factual basis to infer that the alleged credit-related harm is fairly traceable to this Incident rather than unrelated

2

financial circumstances, independent third-party conduct, or another data exposure altogether. See *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 31 (D.D.C. 2014) (rejecting standing theories based on alleged financial fraud where the compromised data did not include financial account information); *Antman v. Uber Techs., Inc.*, No. 3:15-cv-01175-LB, 2018 WL 2151231, at *9 (N.D. Cal. May 10, 2018) (finding traceability lacking where the allegedly exposed information was not the type necessary to cause the claimed fraudulent activity).

The same defect applies to Plaintiff Ellefson. His alleged injuries stem from increased spam communications and a *voluntary* purchase of a spam-filtering service. Yet the Complaint alleges only that his name, date of birth, and medical information were affected. (Compl. ¶ 267). Without allegations that a phone number, email address, or similar contact information was involved, there is no plausible basis to connect the complained-of communications to this Incident. See *Blood v. Labette Cnty. Med. Ctr.*, No. 22-2364, 2022 WL 11745549, at *6 (D. Kan. Oct. 20, 2022) (holding increased spam communications were not traceable to a breach where plaintiffs failed to connect the communications to the specific information compromised).

Plaintiffs repeatedly refer to Social Security numbers in the abstract, their own plaintiff-specific allegations establish that the information identified in the individualized notices provided to Plaintiffs Palermo and Ellefson did not include Social Security numbers, financial account information, or other credit-related identifiers. Compl. ¶¶ 267, 285. Plaintiffs therefore cannot rely on allegations concerning categories of information that may have been affected for other individuals to establish standing or traceability for these named Plaintiffs. Plaintiffs' standing theory remains entirely speculative. Without facts connecting their alleged injuries to the information allegedly affected in this Incident, the Complaint fails to satisfy Article III and must be dismissed.

**B. PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE GROSS NEGLIGENCE AS REQUIRED BY TENN. CODE ANN. § 29-34-215**

3

Defendants do not contend that Tenn. Code Ann. § 29-34-215 creates a special federal pleading standard. Rather, the statute establishes a substantive limitation on liability: Thus, to state a viable class claim arising from a cybersecurity event, Plaintiffs must allege facts plausibly supporting the level of misconduct required by the statute.

Plaintiffs' cited authorities do not hold otherwise. In *White v. Mortgage Investors Group, Inc.*, No. 23-0350-III (Tenn. Ch. Ct. Davidson Cnty. Nov. 20, 2025), the court relied on allegations of systemic security failures, inadequate training, failure to follow standard business practices, failure to monitor vendors and contactors, and delayed or misleading breach disclosures in concluding that gross negligence was plausibly alleged. In *Cate v. Ober Adventure, LLC*, No. 25-CV-475V (Tenn. Cir. Ct. Sevier Cnty. Apr. 23, 2026), the court declined to analyze whether the allegations satisfied the gross-negligence standard under § 29-34-215.

Federal authority confirms the distinction. In *Cooper v. Nationwide Recovery Services, Inc.*, No. 1:25-cv-130, slip op. at 10–11 (E.D. Tenn. Apr. 21, 2026), the court found gross negligence plausibly alleged based on assertions of a prolonged, undetected intrusion coupled with an approximately year-long delay in notification—facts allegedly supporting "conscious indifference" to known risks. Here, Plaintiffs allege no comparable facts. Indeed, the Complaint acknowledges that Defendants investigated the Incident, retained forensic specialists, reviewed potentially impacted data, and ultimately provided notice following that investigation. Compl. ¶ 54.

The statute is unequivocal: a private entity "is not liable in a class action lawsuit resulting from a cybersecurity event unless the cybersecurity event was caused by willful and wanton misconduct or gross negligence." Tenn. Code Ann. § 29-34-215(b). As another court in Tennessee has recognized, the statute "alters the vested rights and liabilities of the parties by heightening the mens rea required for defendants to be liable." *Haney v. Charter Foods N., LLC*, 747 F. Supp. 3d 1093, 1109 (E.D. Tenn. 2024) (holding the statute substantive because it raises the liability threshold).

4

Gross negligence under Tennessee law requires conduct amounting to a "conscious neglect of duty or a callous indifference to consequences." *Spearman v. Shelby Cnty. Bd. of Educ.*, 637 S.W.3d 719, 736 (Tenn. Ct. App. 2021). Likewise, it requires conduct undertaken with such reckless disregard that a "conscious indifference to consequences is implied." *Thrasher v. Riverbend Stables*, No. M2007-01237-COA-R3-CV, 2008 WL 2165194, at *5 (Tenn. Ct. App. May 21, 2008). The Complaint contains no such allegations.

Plaintiffs' failure to plead gross negligence is particularly telling because **the Complaint is indistinguishable from the boilerplate pleadings routinely filed in data-breach litigation**. Plaintiffs rely on the same generalized allegations of inadequate cybersecurity measures and increased risk of harm that appear in virtually every such case. Yet Tennessee law imposes a heightened liability standard, and Plaintiffs allege no facts plausibly suggesting the conscious disregard necessary to satisfy it.

Plaintiffs never identify what factual allegations transform this case from ordinary negligence into gross negligence. At most, they allege that Defendants could have implemented additional cybersecurity measures and that a cybercriminal nevertheless succeeded in gaining unauthorized access. But Tenn. Code Ann. § 29-34-215 bars class-action liability arising from a cybersecurity event absent facts plausibly showing willful and wanton misconduct or gross negligence. Because Plaintiffs have not alleged facts supporting either, their class claims are barred as a matter of law.

## II. PLAINTIFFS' REMAINING ARGUMENTS DO NOT CURE THE DEFICIENCES IDENTIFIED IN DEFENDANT'S MOTION TO DISMISS

Plaintiffs' remaining arguments largely repackage the same conclusory allegations already addressed in Defendants' Motion. The Opposition does not cure the deficiencies identified with respect to Plaintiffs' negligence-based claims, implied contract, unjust enrichment, third-party beneficiary, or invasion-of-privacy theories. Nor does it allege additional facts establishing duty, causation, damages, mutual assent, intended third-party-beneficiary status, or the elements of any

5

privacy tort under Tennessee law. Defendants therefore preserve and incorporate all arguments set forth in their Motion to Dismiss, which independently require dismissal of each claim.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss the Complaint in its entirety.

Dated: June 30, 2026

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**
*/s/ Brian Middlebrook*
Brian Middlebrook, 4374142
One Battery Park Plaza, 28th Floor
New York, NY 10004
bmiddlebrook@grsm.com
*Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic mail this 30th day of June 2026, on the following:

James Gerard Stranch, IV
Grayson Wells
Stranch, Jennings, & Garvey, PLLC
223 Rosa L. Parks Ave
Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
gwells@stranchlaw.com
*Attorneys for Plaintiff*

*/s/ Nicolina Brown*
Nicolina Brown

7